# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02442-GPG

**JASON R. HANSON**,

    Applicant,

v.

**STATE OF COLORADO**, and
**CYNTHIA COFFMAN**, Attorney General of the State of Colorado,

    Respondents.

## ORDER DIRECTING APPLICANT TO FILE AN AMENDED APPLICATION

    Applicant has filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  In the § 2254 Application, Applicant challenges his convictions for attempted kidnapping in LaPlata County, Colorado in 11cr190.

    The Court must construe the Application liberally because Applicant is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  Moreover, inasmuch as Applicant is a former prosecutor and has legal training, he should not be the beneficiary of the liberal construction that a non-attorney *pro se* litigant is entitled to.

    The Court has reviewed the § 2254 Application and finds that it is deficient, for the reasons discussed below. Accordingly, Applicant will be directed to file an Amended Application if he wishes to proceed in this action.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  See Fed. R. Civ. P. 81(a)(4); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 269 (1978); Ewing v. Rodgers, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In addition, Rule 4(c) of the Rules Governing Section § 2254 Cases in the United States District Courts requires that an application "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground."

Applicant fails to identify any specific claims that he intends to raise and does not state facts to show that his convictions are invalid under the Constitution.  Applicant is also reminded that he is required to exhaust any constitutional claims in the state courts before seeking federal habeas corpus relief.  28 U.S.C. § 2254(b); see also Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000).  It is not clear from Applicant's allegations in the § 2254 Application whether he has exhausted available state court remedies.  Accordingly, it is

**ORDERED** that Applicant file, **within thirty days from the date of this Order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, on

the court-approved form, that complies with the requirements of Rule 8 of the Federal Rules of Civil Procedure and the directives in this Order.  It is

**FURTHER ORDERED** that if Applicant fails within the time allowed to file an Amended Application as directed, the action will be dismissed without prejudice and without further notice.

DATED November 9, 2015, at Denver, Colorado.

BY THE COURT:

/s Gordon P. Gallgher
United States Magistrate Judge